## DUNCAN v McCULLOUGH TRANSFER CO

Ohio Appeals, 7th Dist, Mahoning Co

No 2392. Decided October, 1937

W. F. Yonkee, Youngstown, for plaintiff-appellee.

Davis C. Haynes, Youngstown, for defendant-appellant.

## OPINION

By ROBERTS, J.

This case is in this court upon an appeal of law from the Court of Common Pleas, where the plaintiff appellee brought his action seeking to recover damages incurred by him, as he alleges, by reason of a collision between the bicycle on which he was riding with the automobile of one George Huffines, alleged to have been at the time sustaining a relation of servant with the said transfer company. The issue came on for trial in the Court of Common Pleas, resulting in the plaintiff recovering a verdict in the sum of $1500.00. This action is brought seeking a reversal of this judgment. The transaction involving the relation of the transfer company and the alleged servant, Huffines, was substantially as follows:

The transfer company is engaged in the trucking business in the city of Youngstown, and controls and operates a large number of trucks which cover considerable territory in their use. October 21, 1935, at about 4:30 P. M., the transfer company received word at its office that one of its trucks had broken down in New Martinsville, W. Va., about one hundred and thirty miles south of Youngstown. Said Huffines, who was a mechanic and said to have been an expert in his line, was in the transfer office at the time. He had on several occasions previously done some repair work or emergency work on motor trucks for the appellant. He had more recently been operating a small automobile shop of his own, which he was arranging to sell and return to some southern state on account of his health. Mr. McCullough receiving notice of the breaking down of the truck before mentioned, turned to Huffines and asked him if he would start this truck for him. Huffines said that he would do so, left the McCullough place of business, drove his automobile to a restaurant on Market Street for supper, went to his home on Garfield Street to change his clothes, got gasoline for his car, and was driving south on Market Street in the city of Youngstown, intending to turn in on Pyatt Street to go to his place of business to get his tools. To make this turn he had to turn from the westerly side of Mar-

ket Street across the traffic of that street and into Pyatt Street. At the same time the plaintiff was going northerly on Market Street, crossing Pyatt Street, when the automobile of Huffines and the bicycle of the boy came into contact, resulting in the boy receiving considerable injury, to recover for which this action was brought. The McCullough Company was made defendant upon the theory and contention that Huffines, who collided with the boy's bicycle, was an employe at the time of the transfer company; that the relation of master and servant existed between them, whereby the transfer company was responsible for any negligence of Huffines.

It is understood from the evidence in this case that McCullough simply inquired of Huffines if he would start this truck. No further conversation took place as to when he would do so, how he would go or in what capacity. Huffines proceeded, as before stated, to make arrangements to go, and did drive down to New Martinsville that night, was able in about half an hour to put the truck in running condition and drive back. McCullough inquired of him the next morning how much he charged and Huffines said $12.00. There was nothing said as to whether this amount was the result of an itemization of his expenses and time, or whether it was simply a job price for what he had done considering the distance traveled and other conditions involved in the transaction.

This court is unable to find any evidence in this case indicating the relation of master and servant in the performance of this work. The facts rather tend to indicate a relation of independent contractor. At the time of the accident Huffines was going to his place of business. He had not yet made his arrangements to make this trip nor started upon the trip nor engaged in the business of the transfer company. There is no contention but that if only there was a relation of master and servant, other essential conditions being present, that the employer might be liable for the culpable negligence of the employe. As suggested, however, this court is of the opinion that no such relation existed, and when the relation between them came into existence it was after the accident; that it was that of independent contractor, in which the transfer company would not be liable for the alleged carelessness of Huffines.

Having reached this conclusion, it is unimportant to consider or to attempt to determine whether there was actionable negligence on the part of Huffines resulting in the collision, because having found that the relation between them was that of employer and independent contractor; the McCullough Transfer Company would not be liable for the negligence of Huffines.

The judgment of the Court of Common Pleas is reversed and there being, in the opinion of the court, no conflict of testimony upon this question, final judgment is rendered in favor of the transfer company.

Judgment reversed.

NICHOLS and CARTER, JJ, concur.